**BUCK et al. v. LISA.**

**No. 8480.**

District Court, E. D. New York.

June 28, 1939.

Schwartz & Frohlich, of New York City (Louis D. Frohlich, of New York City, of counsel), for plaintiffs.

Joseph V. Loscalzo, of Corona, L. I. (Joseph Drucker, of Corona, L. I., of counsel), for defendant.

CAMPBELL, District Judge.

This is an action brought under the Copyright Law, 17 U.S.C.A. § 1 et seq.

The plaintiff, American Society of Composers, Authors and Publishers, was at all the times hereinafter mentioned, and at the time of the trial, an unincorporated association, duly organized and existing under and by virtue of the laws of the State of New York, and having its principal place of business in the Borough of Manhattan, City of New York, in the State of New York, in the Southern District of New York, and operating for the purpose of protecting the performing rights in musical works copyrighted by its members respectively against infringement because of public performance thereof, and Gene Buck was the President of said Society and duly authorized and empowered as President thereof to institute and prosecute this suit in its behalf.

The plaintiff, Shapiro, Bernstein & Co., Inc., was at all the times hereinafter mentioned, and at the time of the trial, a corporation duly organized under the laws of the State of New York, having its principal place of business in the Borough of Manhattan, City of New York, in the Southern District of New York, and was engaged in the business of printing, publishing and vending of copyrighted musical works.

The defendant, at all the times hereinafter mentioned, and at the time of the trial, owned, controlled, managed and operated for profit, a place of public entertainment, refreshment and accommodation, known as Mona Lisa Restaurant, located at 4902 108th Street, Corona, Long Island, County of Queens, in the State of New York, in this district, in which, for the entertainment and amusement of patrons attending such place, performances and rendition of musical compositions were given.

That the plaintiff Publisher was the owner of a musical composition entitled "In The Chapel In The Moonlight", and had copyrighted the same, and that upon each copy published, there had been inscribed on the first page of the music the copyright notice required by Law, and that prior to June 5th, 1937, the Publisher plaintiff, had, for a valuable consideration, duly assigned in writing, transferred and set over to the Society, plaintiff, the exclusive non-dramatic performing rights in and to said musical composition.

The defendant employed a Leader of a Band or Orchestra, who employed the men composing said Band or Orchestra, to play for Dancing and Entertainment on Saturday nights, and said Band or Orchestra

did on June 5th, 1937, play certain compositions.

There is a conflict in the evidence as to whether on the night in question, the said Band or Orchestra played the composition entitled "In The Chapel In The Moonlight".

An Inspector or Representative of the Society, plaintiff, testified that he was present at defendant's restaurant on the evening of June 5th, 1937, and heard the Band or Orchestra perform certain musical compositions, including the one entitled "In The Chapel In The Moonlight", and refreshed his recollection from a written memorandum, which he testified he made at the time.

The Leader of the Band or Orchestra, while admitting that on the evening in question, he played certain musical compositions, which the witness for the plaintiffs said he had, and which he had inscribed on his memorandum on the evening in question, denied that his Band or Orchestra had performed the musical composition entitled "In The Chapel In The Moonlight".

More than two years have elapsed since the evening in question, and however honest the Leader may be, in his statement with reference to performing that composition, it seems to me that greater weight should be given to the testimony of the witness called by the plaintiffs, who did not, as did the Leader of the Band or Orchestra, depend entirely upon his recollection, but refreshed the same from a writing made, at the time of the occurrence.

I, therefore, find that the composition entitled "In The Chapel In The Moonlight" was performed by the Band or Orchestra, at the defendant's restaurant on June 5th, 1937.

No license for performing that musical composition had been obtained, by the defendant, from the plaintiff, and the performance of that musical composition at that time and place was in violation of their rights.

The defendant cannot claim that he was in ignorance of the necessity of obtaining a license for performing such musical composition, as the evidence clearly shows that a number of letters with refence to this subject had been sent to him by the plaintiff, Society, and therefore, it does not seem to me that the violation, by the defendant, of the rights of the plaintiffs, at the time and place in question, was accidental, or due to ignorance.

Plaintiffs, not having offered proof of any special damage, a decree may be entered in favor of the plaintiffs, against the defendant, for an injunction with $250 damages, a full bill of costs, and a reasonable Attorney's fee of $50 as part of the costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law, in accordance with this opinion, for the assistance of the Court, as provided by the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the Civil Rules of this Court.